

## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF TEXAS
### BEAUMONT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CASE NO. 1:15-CR-119(8) |
| | § | |
| ASHTON DEVON RANDOLPH | § | |

## FINDINGS OF FACT AND RECOMMENDATION ON PLEA OF TRUE BEFORE THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and the Local Rules for the District Court, Eastern District of Texas, the District Court referred this matter for hearing and the submission of findings of fact and a report and recommendation pursuant to 18 U.S.C. §§ 3401(i) and 3583(e).   The United States alleges that the defendant, Ashton Devon Randolph, violated conditions of supervised release imposed by United States District Judge Marcia A. Crone.   The United States Probation Office filed its *Petition for Warrant or Summons for Offender Under Supervision* (doc. #730) requesting the revocation of the defendant's supervised release.   The Court conducted a hearing on February 4, 2021, in accordance with Federal Rules of Criminal Procedure 11, 32 and 32.1. The defendant was present and represented by counsel at the hearing.   Having heard the evidence, this court factually finds that the defendant has violated conditions of supervision and

1

recommends that such violation warrants the revocation of his supervised release.

After conducting the proceeding in the form and manner prescribed by Federal Rule of Criminal Procedure11, the Court finds:

a.      That the defendant, after consultation with counsel of record, has knowingly, freely, and voluntarily consented to the administration of the plea of true in this cause by a United States Magistrate Judge subject to a final approval and imposition of sentence by the District Court.

b.      That the defendant is fully competent and capable of entering an informed plea, that the defendant is aware of the nature of the charges and the consequences of the plea, that his plea of true is a knowing and voluntary plea, not the result of force or threats, and that the plea is supported by an independent evidentiary basis in fact establishing each of the essential elements of the conduct.

## STATEMENT OF REASONS

### A. Procedural History

On May 2, 2017, The Honorable Marcia A. Crone of the Eastern District of Texas sentenced the defendant after he pled guilty to the offense of Conspiracy to Knowingly Possess Firearms in Furtherance of a Drug Trafficking Crime, a Class C felony. The Court sentenced the defendant to 27 months imprisonment, followed by a 3-year term of supervised release, subject to the standard conditions of release, plus special conditions to include financial disclosure and a $100 special assessment.   On April 13, 2018, Mr. Randolph completed his period of imprisonment and began service of the supervision term.

On May 14, 2019, the Court revoked the defendant's first term of supervised release and

2

sentenced him to six (6) months in prison to be followed by a new two (2) year term of supervision to include the standard conditions of supervision, plus the special conditions of drug treatment and testing and financial disclosure.   On October 11, 2019, Mr. Randolph was released and began his new two (2) year term of supervised release.

On December 7, 2020, the Court granted the United States Probation Office's request to modify Mr. Randolph's supervision.   *See Order* (doc. #724).   The modification included imposition of a new special condition requiring a 120 day period of home detention to include electronic monitoring.   *See id*.; *see also Request* (doc. #723).

### B.   Allegations in Petition

The United States Probation Office alleges that the defendant violated a mandatory condition of his supervision as follows:

*You must refrain from any unlawful use of a controlled substance.*

On January 8, 2021, Mr. Randolph submitted a drug test positive for marijuana at the U.S. Probation Office.   The specimen was sent to the lab for confirmation.

### C.   Evidence presented at Hearing:

At the hearing, the Government proffered evidence in support of the allegation in the petition.   The Government would present evidence establishing that on January 8, 2021, Mr. Randolph submitted a urine specimen for testing at the United States Probation Office. Laboratory results would confirm that the specimen yielded a positive result for marijuana.

Defendant, Ashton Devon Randolph, offered a plea of true to the allegations. Specifically, he agreed with the evidence summarized above and pled true to the allegation that he used a controlled substance in violation of his supervision conditions.

3

**D.  Sentencing Guidelines; Findings and Recommended Disposition**

The allegations, supporting evidence and plea of true warrant revocation of supervised release.  *See* 18 U.S.C. § 3583(e)(3).  The Court factually finds by a preponderance of the evidence that the defendant violated a mandatory condition of his supervised release by using a controlled substance.  This conduct constitutes a Grade C violation under U.S.S.G. § 7B1.3(a)(1).  Upon finding a Grade C violation, the Court may revoke the defendant's supervised release.  *See* U.S.S.G. § 7B1.3(a)(2).

Based upon the Defendant's criminal history category of II and the Grade C violation, the sentencing guidelines suggest a sentence of imprisonment for a period ranging from 4 to 10 months.  *See* U.S.S.G. § 7B1.4(a).  Because the original offense of conviction was a Class C felony, the statutory maximum imprisonment term upon revocation is two (2) years.  *See* 18 U.S.C. § 3583(e)(3).

According to U.S.S.G. § 7B1.3(d), any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with a sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation shall be ordered to be paid or served in addition to the sanction determined under U.S.S.G. § 7B1.4, and any such unserved period of community confinement, home detention, or intermittent confinement may be converted to an equivalent period of imprisonment.  In this case, according to information submitted by the Probation Office, 70 days remain uncompleted on Mr. Randolph's term of home confinement and electronic monitoring.

The Fifth Circuit states that Chapter 7 of the Sentencing Guidelines regarding the revocation of supervised release is advisory only.  *See United States v. Cade*, 279 F.3d 265, 271

4

n.2 (5th Cir. 2002) (citing *United States* v. *Montez*, 952 F.2d 854, 859 (5th Cir. 1992); *United States v. Headrick*, 963 F.2d 777, 782 (5th Cir. 1992)).   Because Chapter 7 was promulgated as an advisory policy statement and there are no applicable guidelines for sentencing after revocation of supervised release[1], the Court may impose a greater or lesser sentence upon revocation. *United States v. Gonzalez*, 250 F.3d 923, 925 (5th Cir. 2001).   Further, a sentence imposed for revocation will be upheld unless it is in violation of the law or plainly unreasonable.  *Id.   See also United States v. Pena*, 125 F.3d 285, 288 (5th Cir. 1997) (citations omitted).

Here, the evidence and the defendant's own admission supports a finding that he violated his supervision conditions.   The defendant pled true, agreed with the Court's recommended sentence for that violation, and waived his right to allocute before the District Court.

Accordingly, based upon the defendant's plea of true, the agreement of the parties, and the evidence presented in this case, it is the recommendation of the undersigned United States Magistrate Judge that the District Court accept the plea of true and revoke Defendant's supervised release.   The undersigned magistrate judge recommends that the District Court order Defendant, Ashton Devon Randolph, to serve a term of **four (4) months imprisonment** for the revocation, with no further supervision to follow.   The four (4) month term includes 70 days of unserved home confinement and electronic monitoring time pursuant to the parties' agreement.

## OBJECTIONS

Objections must be:   (1) specific, (2) in writing, and (3) served and filed within fourteen (14) days after being served with a copy of this report.   *See* 28 U.S.C. § 636(b)(1).    A party's

---

[1] *See U.S. Sentencing Guidelines Manual*, Ch. 7, pt. A, cmt. 1 ("At this time, the Commission has chosen to promulgate policy statements only.")

failure to object bars that party from:    (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, *see Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error of unobjected-to factual findings and legal conclusions accepted by the district court, *see Douglass v. United Servs. Auto. Ass'n.*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).    The constitutional safeguards afforded by Congress and the courts require that, when a party takes advantage of his right to object to a magistrate's findings or recommendation, a district judge must exercise its nondelegable authority by considering the actual evidence and not merely by reviewing and blindly adopting the magistrate judge's report and recommendation.    *See Hernandez v. Estelle,* 711 F.2d 619, 620 (5th Cir. 1983); *United States v. Elsoffer*, 644 F.2d 357, 359 (5th Cir. 1981) (per curiam).

**SIGNED this the 19th day of February, 2021.**

KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE